IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MILTON HASTY,

                                                                              OPINION AND ORDER

                   Plaintiff,

                                                                              13-cv-335-bbc

     v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is an appeal of an administrative decision denying plaintiff Milton Hasty's claim under the Social Security Act, 42 U.S.C. § 405(g), for disability benefits and supplemental security income. Plaintiff alleged that he suffered from a number of impairments, but the administrative law judge relied on testimony of a vocational expert to conclude that plaintiff was not disabled because he retained the ability to perform jobs as an office clerk, a shipping and receiving clerk and a stock clerk.

      Plaintiff challenges the administrative law judge's decision on two narrow grounds: (1) he did not give enough weight to a document that plaintiff calls a functional capacity evaluation; and (2) he relied on the vocational expert's testimony without resolving a conflict between the testimony and the <u>Dictionary of Occupational Titles</u>. Because I agree with the second argument, I am remanding the case.

OPINION

A. <u>Functional Capacity Evaluation</u>

Plaintiff's first argument is that the administrative law judge failed to adequately consider what plaintiff calls a "functional capacity evaluation." The document plaintiff cites is titled "Vocational rehabilitation therapy consult response" and it was prepared by Timothy Gunderson, who is identified as a vocational rehabilitation specialist. AR 777. Under a section titled "employment barriers," the document states, "no repetitive bending," "no repetitive stooping," "no repetitive squatting," "no repetitive turning" and "no standing for extended period." AR 779-80.

The administrative law judge called this document "a rehabilitation assessment" and he chose to give it little weight. Plaintiff devotes several pages of his brief to attacking the administrative law judge's statement that Gunderson is not an "acceptable medical source" under the Social Security regulations, but I need not consider this issue because the administrative law judge gave other reasons for giving the assessment little weight, including that Gunderson did not "provide any explanation for the limitations." AR 30. Plaintiff does not develop an argument in response to that ground for rejecting Gunderson's opinion. The closest he comes is to say that "the therapist based [his] assessment on objective testing in a clinical setting," dkt. #11 at 20, but he cites no evidence showing what testing the therapist performed to reach the conclusions in the document, if any. The document plaintiff cites lists limitations, but it provides no foundation to support those limitations. Under these circumstances, it was reasonable for the administrative law judge to give little

2

weight to the document.

In any event, the administrative law judge stated that "the restrictions are largely consistent with [the] residual functional capacity" the administrative law judge had attributed to plaintiff. AR 30. In assessing that capacity, the administrative law judge concluded that plaintiff was "precluded from more than occasional stooping or squatting, with no repetitive stooping or squatting" and that "[h]e can stand continuously for no more than 30 minutes at a time, and for an aggregate of no more than 4 hours in a normal workday." AR 30. The only limitation in Gunderson's assessment that is missing from the administrative law judge's assessment is "no repetitive turning." Despite the commissioner's argument in her opposition brief that there were no relevant differences between the therapist's assessment and the administrative law judge's assessment, plaintiff does not explain in his opening brief or reply brief how he was prejudiced by the administrative law judge's refusal to give greater weight to therapist's opinion. Accordingly, I conclude that plaintiff has failed to show that he is entitled to a remand on this ground.

B.  Conflict with the Dictionary

As noted above, the administrative law judge determined that plaintiff could not stand for more than four hours during the work day. However, the administrative law judge relied on the testimony of the vocational expert in determining that plaintiff could perform work as an office clerk, a shipping and receiving clerk and a stock clerk, even though the Dictionary of Occupational Titles classifies all of those jobs as "light work," which is defined

3

in part to mean that the claimant can stand approximately six hours a day. SSR 83-10. Although the vocational expert acknowledged a conflict between his testimony and the Dictionary, AR 109, he did not explain why he was departing from the Dictionary's classification, except to say that "[t]he jobs that I described would allow, I believe, for sitting for periods of one hour or longer even though it is described as a light job." AR 109. That explanation does not provide any foundation for a belief that the jobs the expert identified do not require standing for more than fours a day.

As plaintiff points out, under SSR 00-4p, the administrative law judge must "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs or VSs and information in the Dictionary of Occupational Titles." Because the administrative law judge failed to do that in this case, I agree with plaintiff that a remand is required. Overman v. Astrue, 546 F.3d 456, 462 (7th Cir. 2008) (remand required when administrative law judge failed to resolve conflict between finding that claimant could work as hand packager and rack room worker and finding in Dictionary that both jobs had requirements that claimant could not meet). It may be that the vocational expert was relying on her personal knowledge and experience to conclude that the actual requirements of the jobs she identified were not as strict as the Dictionary suggested, but I cannot draw that inference from the testimony the expert gave.

The commissioner argues that the administrative law judge was entitled to rely on the vocational expert's testimony despite any conflict because "the medical evidence and the record as a whole did not support that Plaintiff's physical limitations precluded him from

4

the light clerical jobs the VE identified." Dft.'s Br., dkt. #21, at 13. This is a circular argument that rests on an assumption that the jobs the vocational expert identified would not require plaintiff to stand more than four hours a day. Because that assumption conflicts with the Dictionary's classification of those jobs, the administrative law judge was required to determine the basis for the vocational expert's opinion before relying on it. His failure to do that requires a remand.

ORDER

IT IS ORDERED that plaintiff Milton Hasty's motion for summary judgment, dkt. #10, is GRANTED. The decision denying plaintiff benefits is REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g). The clerk of court is directed to enter judgment in favor of plaintiff and close this case.

Entered this 26th day of February, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge